[Cite as *State v. Cottrell*, 2023-Ohio-1391.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHIRON S. COTTRELL | : | Case No. CT2022-0061 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　　Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　　　　　Pleas, Case No. CR2021-0431


JUDGMENT:　　　　　　　　　　　　　　Affirmed


DATE OF JUDGMENT:　　　　　　　　　April 27, 2023


APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　For Defendant-Appellant

JOHN CONNOR DEVER　　　　　　　　CHRIS BRIGDON
27 North Fifth Street　　　　　　　　　　8138 Somerset Road
P.O. Box 189　　　　　　　　　　　　　　Thornville, OH  43076
Zanesville, OH  43702

*King, J.*

{¶ 1}   Defendant-Appellant, Chiron S. Cottrell, appeals his June 6, 2022 sentence from the Court of Common Pleas of Muskingum County, Ohio.  Plaintiff-Appellee is the state of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 19, 2021, the Muskingum County Grand Jury filed a twenty-count indictment against Cottrell alleging his involvement in a sophisticated drug trafficking network using the U.S. Mail for the interstate sale of drugs.  On March 21, 2022, Cottrell pled guilty to one count of engaging in a pattern of corrupt activity (F1) in violation of R.C. 2923.32 and one count of trafficking in drugs (Methamphetamine) (F2) in violation of R.C. 2925.03.  Both counts included forfeiture specifications.  By entry filed June 6, 2022, the trial court sentenced appellant to ten years on the F1 count and two years mandatory on the F2 count, to be served concurrently.

{¶ 3}   Cottrell filed an appeal with the following assignment of error:

I

{¶ 4}   "SHOULD (SIC) THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A 10 YEAR SENTENCE ON F1 ENGAGING IN A PATTERN OF CORRUPT ACTIVITY AND A 2 YEAR MANDATORY SENTENCE ON THE F2 TRAFFICKING DRUGS CONSIDERING THE MITIGATING FACTORS DESCRIBED BY THE DEFENSE COUNSEL AND THE PSI; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12."

I

{¶ 5}   Cottrell claims his sentence was in contravention of R.C. 2929.11 and 2929.12.  We disagree.

{¶ 6}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 7}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."   *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 8}   "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' "   *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 9}   There is no dispute that the sentences imposed herein are within the statutory ranges for felonies of the first and second degree.  R.C. 2929.14(A)(1) and (2). In fact, the trial court sentenced Cottrell to the minimum on the F2.

{¶ 10} Cottrell argues his poor health and desire to turn his life around were mitigating factors to consider and thus he should have been sentenced to the minimum. He argues the proportionality of his sentence was inconsistent with the principles set forth in R.C. 2929.11.

{¶ 11} R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 12} R.C. 2929.12 governs factors to consider in felony sentencing and states the following in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an

offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 13} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings

can be found in the record and are incorporated into the sentencing entry." *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19.

{¶ 14} As stated by the Supreme Court of Ohio, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

{¶ 15} The Supreme Court of Ohio recently clarified the *Jones* opinion as follows:

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations— i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' "

*Id.* at ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990).  Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law.  Claims that raise these types of issues are therefore reviewable.

*State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

{¶ 16} Cottrell argues the trial court impermissibly considered prior arrests of unproven charges thereby violating his due process rights.  However, "[c]ourts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing." *Mt. Vernon v. Hayes,* 5th Dist. Knox No. 09-CA-00007, 2009-Ohio-6819, ¶ 54.  *Accord State v. Smith,* 5th Dist. Licking No. 09-CA-42, 2010-Ohio-1232, ¶ 117-118.

{¶ 17} Cottrell cites the case of *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, for the premise that his sentence was not proportional and "shocks the sense of community."  Cottrell also cites the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment.  However, Cottrell's sentence is well within the statutory range, a fact he does not challenge.  "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell,* 1 Ohio St.2d 68,69, 203 N.E.2d 334 (1964).

*Accord Hairston* at ¶ 21. Further, Cottrell's medical condition is not a factor in the consideration of cruel and unusual punishment:

> In all cases, the United States Supreme Court has applied the Eighth Amendment prohibition against cruel and unusual punishment to punishment which is grossly disproportionate to the *offense* itself. While defendant, because of his handicaps, may suffer greater hardships in prison than one without such disabilities, these hardships are not a result of his conviction or imprisonment but are the result of his physical and mental conditions which are essentially the same whether defendant is incarcerated or not. (Emphasis sic.)

*State v. O'Shannon,* 44 Ohio App.3d 197, 200-201, 542 N.E.2d 693 (10th Dist.1988).

{¶ 18} Accordingly, Cottrell's sentence is neither excessive nor shocking.

{¶ 19} The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Cottrell himself. The trial court reviewed Cottrell's criminal history which included prior convictions from 2013, 2007, and 2002. June 2, 2022 T. at 9. The trial court noted the present case had "a whole bunch of counts dismissed and a bunch of drugs involved." *Id.* Cottrell was facing twenty counts and many possible years in prison before he chose to plead guilty to two counts. The trial court also noted Cottrell's poor health. *Id.*

{¶ 20} In its sentencing entry, the trial court indicated it considered "the principles and purposes of sentencing under Ohio Revised Code §R.C. 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §R.C. 2929.12."  The trial court sentenced Cottrell to terms within the statutory range and ordered them to be served concurrently.  Cottrell has not demonstrated that the trial court imposed the sentence "based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12."  *Bryant, supra.*

{¶ 21} Upon review, we find the trial court's sentence is not clearly and convincingly contrary to law.  The trial court considered the R.C. 2929.11 and 2929.12 factors, imposed postrelease control, and sentenced Cottrell within the statutory ranges.

{¶ 22} The sole assignment of error is denied.

{¶ 23} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By King, J.

Gwin, P.J. and

Baldwin, J. concur.

AJK/db