**[Cite as *State v. Padilla*, 2023-Ohio-1995.]**

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andew J. King, J. |
| -vs- | : | |
| | : | |
| JOSE PADILLA, | : | Case No. 2022 AP 08 0023 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County
                             Court of Common Pleas, Case No.
                             2021-CR-11-0352

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            June 16, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KRISTINE W. BEARD                         DAN GUINN
Assistant Prosecuting Attorney            232 West 3rd St
Tuscarawas County Prosecutors Office      Suite 312
125 E. High Ave.                          Dover, Ohio 44622

*Baldwin, J.*

**{¶1}** Appellant, Jose Padilla, appeals the decision of the Tuscarawas County Court of Common Pleas imposing a sentence of four to six years after he plead guilty to Felonious Assault, in violation of R.C. 2903.11(D)(1)(a), a felony of the second degree; Abduction, in violation of R. C. 2905.02(C), a felony of the third degree; and, Aggravated Menacing, a violation of R. C. 2903.21 (B), a misdemeanor of the first degree. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** Padilla was a co-worker of the victim, C.J., who was visiting his home at the time of the offense. At the sentencing hearing, C.J. described how he came from behind her and began beating her mercilessly, accusing her of taking his watch. She described being choked by Padilla and that he attempted to snap her neck. He broke her phone and told her that ""bitch, you're, already going to be dead and I'll be long gone before they find you." (Sentencing Transcript, p. 7, lines 18-19). She managed to escape by tricking him, though she did not describe how that occurred.

**{¶3}** After the assault C.J. was treated at local hospitals and, at the time of the sentencing hearing she had an appointment at The Cleveland Clinic to evaluate the traumatic brain injury she received from Padilla's assault.

**{¶4}** Padilla caused not only a traumatic brain injury, but loss of vision and permanent markings on C.J.'s face. Her physicians recommended she not drive due to her loss of vision. She also suffers from Post-Traumatic Stress Disorder and blames her ulcerative colitis on the stress the assault has created. She was unable to work, so she

lost her job and her home. She had not been able to return to work at the time of the sentencing hearing.

**{¶5}** The record contains photographs that show bruising to C.J.'s arms and face as a result of the attack.

**{¶6}** Padilla pled guilty to Felonious Assault, in violation of R.C. 2903.11(D)(1)(a); Abduction, in violation of R. C. 2905.02(C); and, Aggravated Menacing, a violation of R. C. 2903.21 (B). During sentencing, the trial court found that the matter was more serious because the crime was facilitated by Padilla's relationship with C.J. The trial court found no mitigating factors to consider in Padilla's favor and also noted Padilla had a criminal history and that had been incarcerated in Florida.

**{¶7}** The trial court held that Padilla's criminal history, his substance abuse problem, nine to twelve servings of beer per day, and that the offense was related to his substance abuse, supported a conclusion that recidivism was more likely. (Sentencing Transcript, p. 18, line 21 to p. 19, line 3.)

**{¶8}** At sentencing, Padilla requested that his sentence include a "treatment component" so he may focus on resolving his substance abuse. The trial court rejected his request and found that there was a presumption in favor of a prison sentence on the Felonious Assault and Abduction counts and concluded that the presumption was not overcome. The trial court found that "community control sanction or combination of community control sanctions will not adequately punish defendant and protect the public from future crime because the applicable factors under R.C. 2929.12 indicating a lesser likelihood of recidivism did not outweigh the applicable factors indicating a greater likelihood of recidivism, and would demean the seriousness of the offense because one

or more of the factors under R.C. 2929.12 indicating that defendant's conduct was more serious than conduct normally constituting the offense outweigh the factors indicating the conduct was less serious than conduct normally constituting the offense." (Sentencing Judgment Entry, July 11, 2022, p. 3) Padilla was sentenced to a term of four to six years for Felonious Assault and twenty-four months for Abduction, to run concurrently. No sentence was imposed for the charge of Aggravated Menacing.

{¶9} Padilla filed a timely notice of appeal and submitted one assignment of error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AS OPPOSED TO COMMUNITY CONTROL UPON THE APPELLANT."

## STANDARD OF REVIEW

{¶11} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. Revised Code 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28. Revised Code 2953.08(G)(2) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.

**{¶12}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶13}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶14}** The trial court must consider the purposes and factors contained in R.C. 2929.11 and 2929.12 but this Court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. *Accord State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14 and *State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

## ANALYSIS

**{¶15}** Padilla's entire argument is encapsulated on the final page of his brief where he argues "But, he should have the opportunity to engage in treatment as opposed to

simply being sent to prison first. The Appellant does not believe that prison will help him but believes that treatment will."

**{¶16}** This court may modify Padilla's sentence only if it "clearly and convincingly find[s] that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." Padilla does not argue that R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) apply, so we are restricted to consideration of whether the sentence is otherwise contrary to law.

**{¶17}** The sentence imposed by the trial court for each charge is within the statutory guidelines and Padilla does not assert a position to the contrary. Instead, he contends that the trial court should have imposed a community control sentence because "he needs treatment for his alcoholism as opposed to prison" which we interpret as arguing that the record does not support the sentence under R.C. 2929.11 or R.C. 2929.12. (Appellant's Brief, p. 7). The Supreme Court of Ohio has made clear that R.C. 2953.08(G)(2) does not permit "an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. For that reason, our authority to modify the sentence would arise only if Padilla demonstrates by clear and convincing evidence that the sentence is "otherwise contrary to law."

**{¶18}** Padilla refers to the need to show that the sentence is contrary to law, but offers no evidence in support of that contention other than his argument that he would be better served by a community control sentence rather than imprisonment. He does not contend that the sentence violates statutory guidelines, nor does he offer any other basis

to establish that the trial court exceeded its authority by imposing a prison sentence. His argument falls short of persuading this court that there is clear and convincing evidence that the sentence was contrary to law.

**{¶19}** We have reviewed the record and find that the trial court gave due consideration to R.C. 2929.11 and 2929.12 during sentencing and recorded its findings in the Sentencing Entry. While there is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them, the trial court in this case has included a detailed analysis. (Citations omitted.) *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, 2019 WL 5092631, ¶ 17. The record clearly shows that the trial court exercised its discretion within the bounds of the law and that Padilla, though unsatisfied with his imprisonment, has no valid basis to attack the sentence.

**{¶20}**  For those reasons, Padilla's assignment of error is denied.

**{¶21}**  The decision of the Tuscarawas Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.