[Cite as *State v. Dickinson*, 2023-Ohio-3068.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2023-0008 |
| | : | |
| PARISS M. A. DICKINSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0607

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:       August 30, 2023

APPEARANCES:

For Plaintiff-Appellee:

RONALD L. WELCH
MUSKINGUM CO. PROSECUTOR
JOHN CONNOR DEVER
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

For Defendant-Appellant:

CHRIS BRIGDON
8138 Somerset Road
Thornville, OH 43076

*Delaney, J.*

{¶1} Appellant Pariss Dickinson appeals from the February 15, 2023 Entries of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

**CR2022-0607: Aggravated vehicular homicide, failure to stop after an accident, and O.V.I.**

{¶2} The following facts are adduced from the record of the change-of-plea hearing on January 5, 2023 and the sentencing hearing on February 13, 2023.

{¶3} On October 28, 2022, appellant was on community control in a separate case when she drank alcohol at her house and drove to Terry's Tavern in Zanesville. At the bar, she continued to drink and was eventually cut off by the bartender, who told appellant she should not be driving. Appellant left Terry's Tavern and drove to Putnam's Tavern in a 2008 Chrysler Aspen.

{¶4} Appellant is prohibited from entering Putnam's Tavern, but she sat at the bar and drank until she threw up twice. When recognized by the bartender, she was immediately told to leave. Appellant left the bar and threw up again, outside.

{¶5} John Doe was standing outside the bar and appellant approached him, trying to hug or kiss him. It appeared from a video that Doe rebuffed appellant. Whitney Dickinson was with appellant throughout the evening; at some point, Dickinson approached Doe and Doe put his hands up as if to indicate he didn't want trouble.

{¶6} Appellant and Dickinson then got into appellant's vehicle with appellant driving. Appellant backed out of her parking spot, stopped the vehicle, and opened the door attempting to leave the vehicle. The vehicle started moving in reverse and the driver's door struck appellant, knocking her to the ground. The vehicle continued in

reverse and struck a parked car. Appellant then got up and got back into the driver's seat.

{¶7} At this point John Doe was directly in front of appellant's vehicle, seemingly trying to get her not to drive. Appellant accelerated and ran over John Doe.

{¶8} After running over John Doe, appellant accelerated and sped off, running over parking blocks, into a yard across the alley from the Putnam Tavern parking lot. Appellant stopped, got out of the vehicle, walked to the rear of the vehicle, got back into the driver's seat and fled the scene.

{¶9} Officers located appellant at her home shortly after the incident and she denied any involvement.

{¶10} John Doe died later that evening as a result of his injuries.

{¶11} Appellant consented to a blood test which was analyzed and showed appellant had a concentration of .185 percent by weight per unit volume of alcohol in her whole blood at the time of driving.

{¶12} Appellant was charged by indictment as follows: aggravated vehicular homicide pursuant to R.C. 2903.06(A)(1)(a) and R.C. 2903.06(B)(2)(a), a felony of the second degree [Count I]; one count of aggravated vehicular homicide pursuant to R.C. 2903.06(A)(2)(a) and R.C. 2903.06(B)(3), a felony of the third degree [Count II]; one count of failure to stop after an accident pursuant to R.C. 4549.02(A)(1)(a) and R.C. 4549.03(B)(3)(b), a felony of the second degree [Count III]; one count of failure to stop after an accident pursuant to R.C. 4549.02(A)(1)(a) and R.C. 4549.03(B)(3)(a), a felony of the third degree [Count IV]; one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and R.C. 4511.19(G)(1)(a), a misdemeanor of the first degree [Count V]; one count of O.V.I.

pursuant to R.C. 4511.19(A)(1)(f) and R.C. 4511.19(G)(1)(a), a misdemeanor of the first degree [Count VI]; and one count of criminal trespass pursuant to R.C. 2911.21(A)(1) and R.C. 2911.21(D)(1), a misdemeanor of the fourth degree [Count VII]. Counts I through IV were accompanied by a property forfeiture specification pursuant to R.C. 2941.1417(A).

{¶13} Appellant entered pleas of not guilty.

{¶14} On January 5, 2023, appellant appeared before the trial court and withdrew her previously-entered pleas of not guilty and entered pleas of guilty to Counts I, IV, and V. The guilty-plea form of January 5 notes the parties agreed appellee would make no recommendation as to sentencing at the time of the guilty pleas, but both parties reserved the right to argue at sentencing. Appellant agreed to forfeit a 2008 Chrysler Aspen and appellee agreed to dismiss Counts II, III, VI, and VII.

{¶15} The trial court thereupon found appellant guilty upon Counts I, IV, and V and ordered a pre-sentence investigation (P.S.I.).

{¶16} Appellee filed a sentencing memorandum on February 10, 2023. Appellant filed a sentencing memorandum in February 13, 2023.

{¶17} On February 13, 2023, appellant appeared before the trial court for sentencing. The trial court imposed a total aggregate indefinite prison term of 9 to 13 years as follows: on Count I, a mandatory term of 8 years with an indefinite term of 12 years; on Count IV, a stated prison term of 12 months; and on Count V, a term of 6 months of local incarceration. Counts I and V were ordered to be served concurrently with each other, and Count IV was ordered to be served consecutively to Counts I and V.

**CR2022-0141: Community-control violation**

{¶18} At the sentencing hearing on February 13, 2023, appellant also pleaded guilty to a violation of community control in a separate case, Muskingum County Court of Common Pleas case no. CR2022-0141. The trial court imposed a prison term of 12 months, to be served consecutively with the sentence in the instant case. Appellant did not appeal from the community-control case and that record is not before us, although the community-control violation was addressed at sentencing in the instant case.

{¶19} Appellant now appeals from the trial court's judgment entries of conviction and sentence.

{¶20} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶21} "I. SHOULD THIS HONORABLE COURT SHOULD VACATE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES IN CASES 22CR607 AND 22CR141 BECAUSE THE CONSECUTIVE SENTENCE WAS IN CONTRAVENTION OF STATUTE."

{¶22} "II. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH IN O.R.C. 2929.11(B) AND FACTORS TO BE CONSIDERED IN O.R.C. 2929.12(A)(1)(H)."

**ANALYSIS**

I.

{¶23} In her first assignment of error, appellant argues the trial court erred in running her sentence on the community-control violation [CR2022-0141] consecutive with the prison term in the instant case. We disagree.

{¶24} The record of the community-control case is not before us, and appellant did not appeal from CR2022-0141. We have only the record of the sentencing hearing and know nothing about the underlying offense(s), the resulting sentence of community control, the nature of the violation, or whether appellant was advised at sentencing in CR2022-0141 that the sentence for a violation of community control could run consecutively to a sentence upon a new offense. We also note the trial court referred to two separate P.S.I.s, neither of which are in the record before us.

{¶25} Appellant's arguments regarding CR2022-0141 are not properly before the Court because appellant has not appealed from that case. Further, in reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." The record of the instant case does not include the record of CR2022-0141.

{¶26} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶27} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶28} Appellant has not provided the record of CR2022-0141, nor has she appealed from that case. We must therefore presume the regularity of the trial court's proceeding at sentencing. See, *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2.

{¶29} Appellant's first assignment of error is overruled.

II.

{¶30} In her second assignment of error, appellant argues her sentence in the instant case is disproportionate and therefore inconsistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and R.C. 2929.12. We disagree.

{¶31} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate

court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶32} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Padilla*, 5th Dist. Tuscarawas No. 2022 AP 08 0023, 2023-Ohio-1995, ¶ 13, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶33} As stated by the Supreme Court of Ohio, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the

record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

{¶34} The Supreme Court of Ohio recently clarified the *Jones* opinion as follows:

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' " *Id.* at ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

*State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶35} In the instant case, appellant's sentence is within the statutory range for felonies of the second degree. R.C. 2929.14(A)(2)(a). Appellant argues her sentence is contrary to law, however, because her sentence is longer than that of other appellants in the Fifth District convicted of aggravated vehicular homicide.

{¶36} A felony sentence should be proportionate to the severity of the offense committed so as not to "shock the sense of justice in the community." *State v. Chaffin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46 (1972); R.C. 2929.11(B). A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Ewert,* 5th Dist. Muskingum No. CT2012–0002, 2012–Ohio–2671, 2012 WL 2196326, ¶ 33, citing *State v. Breeden,* 8th Dist. Cuyahoga No. 84663, 2005–Ohio–510, 2005 WL 315370, ¶ 81.

{¶37} At sentencing in the instant case, the trial court noted the instant offenses occurred almost exactly three months after appellant was placed on community control. T. Sentencing, 14. The court noted appellant should have realized at that point her life had changed and she must do something about it. Instead, she was drunk and behind the wheel, and killed an innocent man. She created a substantial risk to bystanders in recklessly and drunkenly fleeing the crime scene.

{¶38} The trial court specifically found consecutive sentences are necessary to protect the public or to punish appellant, and are not disproportionate to the seriousness of appellant's conduct or to the danger she posed to the public. Further, the trial court found one or more of the offenses were committed while appellant was on community control, as part of a course of criminal conduct, and the harm caused by two or more of

the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of appellant's conduct. T. Sentencing, 17-18.

{¶39} In support of her argument regarding proportionality, appellant cites other cases from this District involving convictions of aggravated vehicular homicide. In the instant case, appellant was on community control when she got drunk, trespassed in a bar she wasn't allowed to be in, then killed a patron of the bar in the parking lot with her vehicle. She fled the scene and when found at home by police, told them she was home before her community-control curfew but otherwise denied involvement. None of the cases cited by appellant are factually similar, and it is not evident what sentencing factors were significant in the other cases. Our review of these cases indicates their only similarity to the case at bar is the fact that they arose in the same District and involved aggravated vehicular homicide. See, *State v. Rosencranz*, 5th Dist. No. 2019AP010002, 2019-Ohio-2392, 138 N.E.3d 643, ¶ 23. Appellant summarily argues her sentence is disproportionate to those of these (purportedly) similarly-situated individuals. *Id.* Appellant has failed to provide any evidence her sentence is constitutionally disproportionate. *Id.*

{¶40} We find no error by the trial court with regard to proportionality.

*R.C. 2929.11 and R.C. 2929.12*

{¶41} The trial court cited the applicable statutes and made a record supporting its findings, supra. R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The

overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶42} R.C. 2929.12(A) governs factors to consider in felony sentencing and states the following in pertinent part:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In

exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶43} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19.

{¶44} As stated by the Supreme Court of Ohio, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view

that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶45} Appellant's sentence is neither excessive nor shocking. See, *State v. Cottrell*, 5th Dist. Muskingum No. CT2022-0061, 2023-Ohio-1391. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶46} Upon review, we find that the trial court's sentencing complies with applicable rules and sentencing statutes. While appellant may disagree with the weight given to these factors by the trial judge, her sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 5th Dist. Knox No. 22CA000021, 2023-Ohio-1358, ¶ 22. Appellant's second assignment of error is overruled.

## CONCLUSION

{¶47} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.