**[Cite as *State v. Cornwell*, 2024-Ohio-441.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 23 COA 002 |
| GENE L. CORNWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No. 21 CRI 205


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      February 8, 2024


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTOPHER R. TUNNELL                BRIAN A. SMITH
ASSISTANT PROSECUTOR                  BRIAN A. SMITH LAW FIRM, LLC
110 Cottage Street, 3rd Floor         123 South Miller Road, Suite 250
Ashland, Ohio  44805                  Fairlawn, Ohio  44333

*Wise, J.*

{¶1}    Appellant Gene Cornwell appeals his sentence entered in the Ashland County Court of Common Pleas on December 28, 2022, following a guilty plea.

{¶2}    Appellee State of Ohio did not file a brief in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶3}    For purposes of this appeal, the relevant procedural history is as follows:

{¶4}    On October 15, 2021, the Ashland County Grand Jury indicted Appellant Gene L. Cornwell on Count One: Failure to Comply with Order or Signal of a Police Officer, in violation of R.C. §2921.331(C)(5)(a)(ii) and §2921.331( E), a third-degree felony; and, Count Two: Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them, in violation of R.C. §4511.19(A)(1)(a), (G)(1)(b), a first-degree misdemeanor.

{¶5}    On December 27, 2022, Appellant entered a plea of guilty to the charges contained in the Indictment.

{¶6}    On December 28, 2022, following a hearing, the trial court sentenced Appellant to 18 months in prison on Count One, and 6 months in jail on Count Two. The trial court ordered the sentence on Count Two to be served concurrently with the sentence on Count One, for a total aggregate sentence of 18 months in prison. The trial court credited Appellant with 455 days served.

{¶7}    On April 4, 2023, Appellant filed a Motion for Leave to File Delayed Appeal.

{¶8}    On April 26, 2023, this Court granted Appellant's Motion.

{¶9} On September 12, 2023, Appellee State of Ohio filed a Motion to Remand Case to Trial Court, stating that it concurred with Appellant that the matter should be remanded to the trial court for resentencing.

{¶10} By Judgment Entry filed September 19, 2023, this Court denied Appellee's motion, finding that the Appellate Rules do not provide for remand for resentencing based on agreement of the parties.

{¶11} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶12} "I. THE TRIAL COURT'S FAILURE TO ADVISE APPELLANT, AT THE SENTENCING HEARING, OF THE PERIOD ON WHICH HE COULD BE PLACED ON POST-RELEASE CONTROL PURSUANT TO R.C. 2967.28, AND OF THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL PURSUANT TO R.C. 2929.141, RENDERED APPELLANT'S SENTENCE CONTRARY TO LAW."

## I.

{¶13} In his sole assignment of error, Appellant argues his sentence is contrary to law. We agree.

{¶14} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this Court's standard of review:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶16} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Padilla*, 5th Dist. Tuscarawas No. 2022 AP 08 0023, 2023-Ohio-1995, ¶ 13, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶17}** In the instant case, Appellant argues that the trial court, during sentencing, erred in failing to advise Appellant of the period of time which he would be placed on post-release control and the consequences of violating post-release control.

**{¶18}** Pursuant to R.C. §2929.19(B)(2)(d) and (c), the trial court is required to notify the defendant at his or her sentencing hearing that the defendant "will" or "may" be placed on PRC depending on the level of the offense. R.C. §2929.19(B)(2)(f) also requires the trial court to notify the defendant that if he or she violates PRC, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the defendant as the defendant's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term." *State v. Bates,* 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11. Then, the trial court must incorporate these advisements into the sentencing entry. *Id.* ¶ 12.

**{¶19}** A statutorily compliant imposition of post-release control requires the trial court to advise the defendant of three things at the sentencing hearing and in the sentencing entry: "(1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the [APA] will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute." S*tate v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, overruled on other grounds by *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. "[A]ny error in the exercise of [the court's] jurisdiction in imposing post-release control renders the court's judgment voidable,

permitting the sentence to be set aside if the error [is] successfully challenged on direct appeal." *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4.

{¶20}   In the instant case, Appellant pled guilty to Failure to Comply with Order or Signal of a Police Officer, a third-degree felony, and Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, a first-degree misdemeanor. Under R.C. §2967.28(B) and (C), the trial court was required to inform Appellant at his sentencing hearing that post-release control was part of his sentence and what the consequences of any violation would be.

{¶21}   The Supreme Court of Ohio has explained that: "When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing post-release control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4. Therefore, because the trial court did not properly impose post-release control at Appellant's sentencing hearing, Appellant is entitled to a new sentencing hearing limited to the proper imposition of post-release control. *See State v. Heinzen*, 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341, ¶ 28; *State v. Hibbler*, 2d Dist. Clark No. 2019-CA-19, 2019-Ohio-3689, ¶ 19 ("It is well established that when post-release control is required but not properly imposed, the trial court must conduct a limited resentencing hearing to properly impose post-release control.").

{¶22}   Based on the foregoing, we find that the trial court erred when it did not advise Appellant at the sentencing hearing as to post-release control or the consequences of violating the conditions of post-release control.

**{¶23}** Appellant's sole assignment of error is sustained

**{¶24}** The judgment of the Ashland County Common Pleas Court is reversed and remanded for resentencing consistent with the law and this opinion.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

JWW/kw 0206