[Cite as *State v. Brown*, 2024-Ohio-2372.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2023-0091 |
| | : | |
| JUSTIN BROWN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2023-0209


JUDGMENT:  AFFIRMED


DATE OF JUDGMENT ENTRY:  June 18, 2024


APPEARANCES:

For Plaintiff-Appellee:

RONALD L. WELCH
MUSKINGUM CO. PROSECUTOR
JOSEPH A. PALMER
27 North Fifth St.
Zanesville, OH 43701

For Defendant-Appellant:

APRIL F. CAMPBELL
545 Metro Place South, Ste. 100
Dublin, OH 43017

*Delaney, P.J.*

{¶1} Appellant Justin Brown appeals from the July 31, 2023 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}  A statement of the facts underlying appellant's convictions is not necessary to our resolution of this appeal.

{¶3} Appellant was charged by indictment with 31 counts of pandering sexually-oriented matter involving a minor or impaired person ("pandering") pursuant to R.C. 2907.322(A)(3) and (C), all felonies of the second degree; one count of possession of a fentanyl-related compound pursuant to R.C. 2925.11(A) and (C)(11)(a), a felony of the fifth degree; and one count of possession of cocaine pursuant to R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree.  Appellant entered pleas of not guilty.

{¶4} On July 28, 2023, appellant withdrew his previously-entered pleas of not guilty and entered pleas of guilty to Count I, pandering, a felony of the second degree pursuant to R.C. 2907.322(A)(3), and to Count II as amended to attempted pandering pursuant to R.C. 2923.03 and R.C. 2907.322(A)(3), a felony of the third degree. In exchange for appellant's guilty pleas, appellee agreed to dismiss the remaining counts. The Plea of Guilty filed July 28, 2023 states in pertinent part:

> * * * *.

> [Appellant] acknowledges that the parties have engaged in plea negotiations and he accepts and agrees to be bound by the following agreement, which is the product of such negotiations.

Upon a plea of "guilty" to Count One, as contained in the indictment, and Count Two, as amended the parties agree to a joint recommendation the Defendant be sentenced to eleven (11) years prison. The State agrees to dismiss Counts Three through 33 of the indictment at the time of sentencing. The parties stipulate to the judicial findings necessary for the imposition of consecutive sentences.

Defendant and defense counsel hereby withdraw any and all motions previously filed in this case. Such recommendation is conditioned upon Defendant's compliance with all bond conditions, and Defendant's compliance with all laws pending sentencing on this matter. The parties stipulate the counts herein do not merge.

The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court.

* * * *. (Emphasis in original).

{¶5} Appellant waived preparation of a pre-sentence investigation and the trial court proceeded immediately to sentencing. The trial court's sentencing entry states the following regarding appellant's consecutive sentence:

* * * *.

**Count One**: a **stated minimum** prison term of **eight (08) years**;

An **indefinite prison term** of **twelve (12) years**;

**Count Two**: a **stated** prison term of **thirty-six (36) months**.

**Provided, however, the terms of incarceration imposed herein shall be served consecutively to one another for an aggregate minimum prison term of eleven (11) years and an indefinite prison term of fifteen (15) years**.

* * * *. (Emphasis in original).

{¶6} On the record at the sentencing hearing, the trial court memorialized appellant's sentence as follows:

* * * *.

THE COURT: Based upon the facts and circumstances of this, and that there is a joint recommendation, I am inclined to follow that joint recommendation.

Therefore, on count one, you will be sentenced to a minimum prison sentence of eight years, and that is up to an—then to an indefinite maximum of—potentially—of 12 years. You understand that?

THE DEFENDANT: (Nods affirmatively.) Yes.

THE COURT: And on count two, you will be sentenced to 36 months in prison. That term to run consecutively to count one.

Therefore, the actual minimum term then becomes 11 years in prison, up to an indefinite maximum then of 15 years in prison.

You understand that?

THE DEFENDANT: Yes.

* * * *.

Change of plea and sentencing, 20-21.

{¶7} Appellant now appeals from the judgment entry of conviction and sentence.

{¶8} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶9} "BROWN'S INDEFINITE SENTENCES, IMPOSED IN THE AGGREGATE AND CONSEQUENTLY IMPOSED ON A THIRD-DEGREE FELONY OFFENSE, [WERE] CONTRARY TO LAW."

**ANALYSIS**

{¶10} In his sole assignment of error, appellant argues the trial court erred in sentencing him to an indefinite term.  We disagree.

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Cottrell,* 5th Dist., Muskingum No. CT2022-0061, 2023-Ohio-1391, ¶ 6.

{¶12} R.C. 2953.08(G)(2) states as follows:

> The court hearing an appeal under division (A)(B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the trial court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may

take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant.

(b) That the sentence is otherwise contrary to law.

{¶13} "Clear and convincing evidence" is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph 3 of the syllabus.

{¶14} A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R. C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' *State v. Padilla,* 5th Dist., Tuscarawas No. 2022AP 080 0023, 2023-Ohio-1995, ¶ 13, quoting *State vs. Dinka,* 12th Dist., Warren Nos. CA2019-03-022 and CA 2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶15} As stated by the Ohio Supreme Court, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "Nothing in R.C.

2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id. ¶ 42.*

{¶16} The Ohio Supreme Court clarified the *Jones* opinion in *State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 08, at ¶ 22, stating:

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about the holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations – i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this Court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are 'otherwise contrary to law.' *Jones* at ¶ 21, quoting R.C. 2953.08(G)(2)(b). This Court also recognized that 'otherwise contrary to law' means 'in violation of statute or legal regulations at a given time.' *Id. ¶* 34, quoting *Black's Law Dictionary* 328 (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to

law. Claims that raise these types of issues are therefore reviewable.

*Id.* ¶ 22.

{¶17} In the instant case, appellant argues the trial court "imposed an indefinite sentence collectively," but we disagree. The sentencing entry states appellant received an indefinite sentence upon Count One and a definite sentence upon Count Two; the sentencing entry reflects the sentence imposed on the record at the hearing.

{¶18} Count One, a felony of the second degree, is a Reagan-Tokes-qualifying felony.  R.C. 2929.14 governs prison terms and states, in relevant part:

> * * * *.
>
> (2)(a) For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.
>
> * * * *.

{¶19} Thus, under R.C. 2929.13(A)(1)(a) and (A)(2)(a), the trial court must impose an indefinite prison term for each qualifying first- or second-degree felony, and the maximum term must be calculated in accordance with R.C. 2929.144. In the instant case, the trial court imposed an indefinite term of 8 to 12 years upon Count One.

{¶20} Count Two, as amended, is a felony of the third degree and is not subject to Reagan Tokes/indefinite sentencing, as reflected in the trial court's imposition of a definite term of 36 months.

{¶21} Appellant cites *State v. Allmon*, 8th Dist. Cuyahoga No. 112357, 2023-Ohio-3878, for the proposition that "a court cannot impose an indefinite sentence collectively." Brief, 3. *Allmon*, though, is a case involving three counts, all first-degree, Reagan Tokes-qualifying felonies, in which the trial court imposed a definite sentence as to each count with an overall maximum term because it sentenced the defendant to concurrent terms. The state argued the trial court improperly journalized the sentence because it was required to impose a minimum and maximum prison term on each count individually. *Id.,* ¶ 7.

{¶22} In the instant case, appellant was convicted upon one felony of the second degree and one felony of the third degree. The trial court accordingly sentenced him to an indefinite term of 8 to 12 years on the former and a definite term of 36 months on the latter. We disagree with appellant's contention that the trial court therefore imposed an indefinite term on a third-degree felony.

{¶23} Appellant's sentence is not contrary to law and the sole assignment of error is overruled.

**CONCLUSION**

{¶24} The sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Baldwin, J., concur.