[Cite as *State v. Banks*, 2013-Ohio-2847.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                       |
|----------------------|---|-------------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.      |
|                      | : | Hon. Sheila G. Farmer, J.     |
| Plaintiff-Appellee   | : | Hon. John W. Wise, J.         |
|                      | : |                               |
| -vs-                 | : |                               |
|                      | : | Case No. 12-COA-045           |
| BRYAN K. BANKS       | : |                               |
|                      | : |                               |
| Defendant-Appellant  | : | O P I N I O N                 |

CHARACTER OF PROCEEDING:    Criminal appeal from the Ashland County
                            Court of Common Pleas, Case No. 12-CRI-
                            077

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 28, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

PAUL LANGE                              MATTHEW MALONE
RAMONA ROGERS                           11 ½ East 2nd Street
110 Cottage Street                      Ashland, OH 44805
Ashland, OH 44805

*Gwin, P.J.*

{¶1} On June 28, 2012, appellant Bryan K. Banks ["Banks"] was indicted on three counts. Banks was charged with one count of Gross Sexual Imposition with victim less than 13 years of age, R.C. 2907.05(A)(4), a felony of the third degree; one count of Importuning with the victim less than 13 years of age, R.C. 2907.07(A), a felony of the third degree; and one count of Disseminating Matter Harmful to Juveniles, R.C. 2907.31(A)(1), a first-degree misdemeanor.

{¶2} On September 18, 2012, Banks entered a negotiated plea to Importuning with the victim less than 13 years of age and Disseminating Matter Harmful to Juveniles. Sentencing was deferred pending the completion of a Pre-Sentence Investigation Report.

{¶3} On November 5, 2012, the trial court sentenced Banks on the charge of Importuning, in violation of R.C. 2907.07(A), a felony of the third degree, to thirty (30) months in prison, a fine of Five Hundred Dollars ($500.00), and court costs; and on the charge of Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(1) a misdemeanor of the first degree, one hundred eighty (180) days in jail to be served concurrently with the sentence imposed for Count Two, a fine of Five Hundred Dollars ($500.00), and court costs.

*Assignments of Error*

{¶4} Banks raises two assignments of error:

{¶5} "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED A SENTENCE UPON DEFENDANT/APPELLANT THAT WAS CLEARLY

AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION.

{¶6} "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

I.

{¶7} In his first assignment of error, Banks challenges his sentence for importuning.

{¶8} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder*, 5th Dist. No. 2008-CA-25, 2008-Ohio-6709, 2008 WL 5265826.

{¶9} In *Kalish*, the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster*, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish,* ¶¶1 and 11, 896 N.E.2d 124, citing *Foster* at ¶100, See also, *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175.

**{¶10}** *"*Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, see also *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi*, supra at ¶29.

**{¶11}** "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at ¶14.

**{¶12}** Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶4, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶13}** The Supreme Court held, in *Kalish*, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the

purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post-release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶20.

{¶14} In the case at bar, Banks pled guilty and was convicted of a felony of the third degree. Sentences that a court can impose are nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Banks was sentenced to thirty months.

{¶15} Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Banks regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{¶16} Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶4; *State v. Firouzmandi,* supra at ¶40.

{¶17} Post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶42.

*State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006-Ohio-2753, ¶¶7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶18} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

{¶19} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist No. 2006-CA41, 2006-Ohio-5823 at ¶ 52.

{¶20} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing

factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342(1st Dist.1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147(8th Cir. 1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley, supra* at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley, supra* at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

**{¶21}** In the case at bar, the court had the benefit of a pre-sentence investigation report. That report details Banks' prior adult and juvenile adjudications. It further reveals that Banks was on probation at the time he committed the offenses in the case at bar. Banks has never been employed, does not have a GED and has a history of substance abuse. Banks is 20 years old while the victim in this case was 12 years old. There is a presumption of prison for importuning notwithstanding division (C) of section 2929.13 of the Revised Code. R.C. 2907.07(F)(2).

**{¶22}** Both on the record during the sentencing hearing and in the sentencing entry filed November 7, 2012, the trial court noted specifically that it had considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.

**{¶23}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Banks' case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶24}** Accordingly, we hold the thirty-month sentence in this matter was not based on the consideration of improper factors and was not unreasonable, arbitrary or unconscionable. We further hold said sentence is not contrary to law.

**{¶25}** Banks' first assignment of error is overruled.

II.

**{¶26}** In his second assignment of error, Banks contends that his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources.

**{¶27}** In *State v. Ober*, 2nd Dist. No. 97CA0019, 1997 WL 624811(Oct. 10, 1997), the Second District considered this same issue. In rejecting the argument, the court stated,

> Ober is correct that the "sentence shall not impose an unnecessary burden on state or local government resources." R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, *Ohio Felony Sentencing Law* (1996-97), 62. Courts may consider whether a criminal sanction would

unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. Id."

**{¶28}** The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." Id.

**{¶29}** Several other appellate courts, including our own, considering these issues have reached the same conclusion. See, e.g., *State v. Hyland*, 12th Dist. No. CA2005-05-103, 2006-Ohio-339, ¶32; *State v. Brooks*, 10th Dist. No. 97APA-11-1543, 1998 WL 514111(Aug. 18, 1998); *State v. Stewart*, 8th Dist. No. 74691, 1999 WL 126940 (Mar. 4, 1999); *State v. Fox*, 3rd Dist. No. 16-2000-17, 2001 WL 218433( Mar. 6, 2001); *State v. Miller,* 5th Dist. No. 04-COA-003, 2004-Ohio-4636. We agree with the reasoning of the *Ober* court and other courts considering this issue and find no merit to appellant's argument.

**{¶30}** In *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, the Court observed, that although resource burdens are relevant sentencing considerations under R.C. 2929.13(A), a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. Id. at ¶39, 889 N.E.2d 995. The *Burton* court noted,

"The court must also consider the benefit to society in assuring that

an offender will not be free to reoffend. Many people sleep better at night

knowing that certain offenders are incarcerated. They would no doubt

consider a lengthy incarceration worth the cost of housing those

offenders."

Id. at ¶39, 889 N.E.2d 995. *Quoting State v. Wolfe,* 7th Dist. No. 03 CO 45, 2004–Ohio–

3044, ¶17 and *State v. Vlahopoulos,* 154 Ohio App.3d 450, 797 N.E.2d 580, 2003–

Ohio–5070, ¶5.

**{¶31}** In the case at bar we reject Banks' claim that a lengthy prison sentence

constitutes an "unnecessary burden" on government resources pursuant to R.C.

2929.13(A).

**{¶32}** Banks' second assignment of error is overruled.

{¶33}  For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE

WSG:clw 0621

[Cite as *State v. Banks*, 2013-Ohio-2847.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
BRYAN K. BANKS                         :
                                       :
                                       :
                Defendant-Appellant    :        CASE NO. 12-COA-045


For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE