[Cite as *State v. Elkins*, 2023-Ohio-1358.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott GWin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22CA000021 |
| JOSHUA A. ELKINS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:       Criminal appeal from the Knox County Court of Common Pleas, Case No. 21CR08-0172

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       April 26, 2023

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. MCCONVILLE
Knox County Prosecutor
By: NICOLE E. DERR
117 E High Street
Mount Vernon, OH 43050

For Defendant-Appellant

JOHN A. DANKOVICH
Knox County Public Defender
110 East High Street
Mount Vernon, OH 43050

*Gwin, P.J.*

**{¶1}** Appellant Joshua A. Elkins ["Elkins"] appeals his sentence after a negotiated guilty plea in the Knox County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On June 10th 2021, Elkins was involved in a traffic incident which involved his vehicle going off the road. Plea T. at 10. Deputies arrived on the scene, and one of the deputies ran a canine around Elkins' vehicle. The canine alerted on the vehicle. In searching the vehicle, Elkins was found to be in possession of 41 bags containing approximately 5.7 pounds of marijuana, which is between 1,000 and 5,000 grams. He was also in possession of various items of drug paraphernalia including scales, and baggies that indicated that the drugs were intended for trafficking. He was in possession of $1,551 that the state asserts is the proceeds of drug trafficking. He was also in possession of what later tested positive at the lab for methamphetamine in excess of the bulk amount. Id. Also found inside Elkins' vehicle were 2,912 rounds of ammunition in multiple calibers. The vehicle further contained an AR 15 with a tandem slide fire stock, a Glock 19 Gen 4, nine-millimeter pistol, HKVP40, 40 caliber pistol with two magazines, Smith & Wesson SR22 pistol with a magazine, CJS SKS with Nikon scope, and a Savage model 24 .410, .22 long rifle. Sent. T. at 7.

**{¶3}** On August 9, 2021, Elkins was indicted on five counts: (1) Trafficking in marijuana in an amount greater than 1,000 grams but less than 5,000 grams, a felony of the third degree, with a forfeiture specification pursuant to R.C. 2941.1417; (2) Improper Handling of Firearms in a Motor Vehicle, a HK VP 40 pistol, a felony of the third degree in violation of R.C. 2923.16(B); (3) Improper Handling of Firearms in a Motor Vehicle, a

Glock .9 mm handgun, a felony of the third degree in violation of R.C. 2923.16(B); (4) Aggravated Possession of Drugs [methamphetamines] in an amount greater than bulk amount but less than five times bulk amount, a felony of the third degree in violation of R.C. 2925.11(A), and (5) Illegal Use or Possession of Drug Paraphernalia, a felony of the fourth degree in violation of R.C. 2925.14(C)(1).

{¶4} On February 28, 2022, Elkins filed a Motion to Suppress. The state filed a response to the motion on March 9, 2022. The trial court overruled the motion after an evidentiary hearing by Judgment Entry filed May 24, 2022. [Docket Entry No. 59].

{¶5} On August 4, 2022, Elkins entered guilty pleas to Count 1, with the specification and Count 4. The state dismissed Counts 2, 3, and 5. Plea T. at 2; *See also, Written Plea of Guilty,* filed Aug 4, 2022 [Docket Entry No. 64]. The trial court deferred sentencing and ordered a Pre-sentence Investigation Report.

{¶6} On September 8, 2022, Elkins was sentenced to a definite term of imprisonment of 30 months on Count 1 and a definite term of imprisonment of 30 months on Count 4, to run concurrently. Elkins was also ordered to forfeit the $1551.43 in U.S. currency to the Knox County Sheriff's Office.

*Assignments of Error*

{¶7} Elkins raises two Assignments of Error,

{¶8} "I. THE TRIAL COURT ERRED IN CONSIDERING   FACTORS OUTSIDE OF R.C.  2929.11

{¶9} "II.  THE TRIAL COURT ERRED IN CONSIDERING FACTORS OUTSIDE OF R.C. 2929.12"

## I & II

{¶10}   In his two Assignments of Error, Elkins argues that the trial judge's sentence is based upon impermissible considerations, i.e. factors that fall outside those contained in R.C. 2929.11 and R.C. 2929.12. Specifically, Elkins argues the judge impermissibly considered the dismissed weapons charges and his pending domestic relations case when sentencing him to a prison sentence rather than community control.

*Law and Analysis*

**Standard of Appellate Review**

{¶11}   A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports.  R.C. 2953.08(F)(1) through (4).

{¶12}   We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.  Our standard of review is de novo.  *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 27.

{¶13}   Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12,

"neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

　　　**Issue for Appellate Review**: *Whether Elkins' sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12*

### Felonies of the Third Degree - R.C. 2929.13(C)

**{¶14}** R.C. 2929.13(C) applies to one convicted of a third-degree felony. Elkins pled guilty to two felonies of the third degree.

**{¶15}** According to R.C. 2929.13(C), when determining whether a third-degree felony warrants a prison sentence, the trial court is to consider the seriousness and recidivism factors contained in R.C. 2929.12. As well, the trial court is to consider the purposes and principles of sentencing outlined in R.C. 2929.11. The legislature has provided no presumption either in favor of or against imprisonment upon conviction of a third-degree felony.

**Purposes and Principles of Felony Sentencing - R.C. 2929.11**

{¶16}   R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes.  In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.  R.C. 2929.11(A).  Additionally, the sentence "must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders."  R.C. 2929.11(B).

**Seriousness and Recidivism - R.C. 2929.12**

{¶17}   R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense.  These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors.  R.C. 2929.12(B).  The

court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors.   R.C. 2929.12(C).  Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**Elkins' Case**

{¶18}   Elkins first argues that while the state dismissed all charges related to the weapons found in Elkins' vehicle, the trial judge nonetheless considered that evidence in his sentencing determination.

{¶19}   The Ohio Supreme Court has recognized that "it is well-established that a sentencing court may weigh such factors as arrests for other crimes.  * * * [T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it.  The court's consideration ought to encompass negative as well as favorable data.  Few things can be so relevant as other criminal activity of the defendant. 'To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'" *State v. Burton,* 52 Ohio St.2d 21, 23, 368 N.E.2d 297(1977), *quoting United States v. Doyle*, 348 F.2d 715, 721 (2nd Cir. 1965).  In *State v. Bowser* the Court observed,

> [I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense.  For example, the statute governing the contents of a PSI report simply says, "[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant." R.C. 2951.03(A).  The statutory directive no doubt results in the

sentencing court considering evidence that would be inadmissible at trial, *State v. Davis* (1978), 56 Ohio St.2d 51, 10 O.O.3d 87, 381 N.E.2d 641—like hearsay—and results in the court considering evidence entirely unrelated to the conviction offense. *See Gregg v. United States* (1969), 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442. So, the court may consider the offender's prior arrests, even if none yields prosecution. *Burton* at 23, 6 O.O.3d 84, 368 N.E.2d 297 ("it is well-established that a sentencing court may weigh such factors as arrests for other crimes"). The court may also consider facts that support a charge of which the offender is ultimately acquitted. *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97, *quoting United States v. Donelson* (C.A.D.C.1982), 695 F.2d 583, 590 ("'It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted'").

The court may even consider mere allegations of crimes for which the offender is never prosecuted. *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (allegations of uncharged criminal conduct found in a PSI report may be considered as part of the offender's social history).

186 Ohio App.3d 162, 2010–Ohio–951, 926 N.E.2d 714(2nd Dist.), ¶ 15. *Accord, State v. Riggleman,* 5th Dist. Licking No. 14-CA-17, 2014-Ohio-5369, ¶16-17.

{¶20} In the case at bar, the trial court could review the facts of the crime and the circumstances of Elkins before deciding the sentence to impose. Specifically, it was permissible for the trial court to consider the fact that marijuana and methamphetamines

were found in his vehicle at the time of the arrest; 5.7 pounds of marijuana was packaged in 41 individual baggies meant for sale; and scales, baggies and other drug paraphernalia was also in the vehicle. The court could also consider that there were 2,912 rounds of ammunition in multiple calibers as well as several firearms. In other words, the trial court could consider these factors in exercising its discretion in deciding whether to sentence Elkins to prison. While it may be legal to own firearms, it is the close proximity of those firearms to the drugs and drug trafficking evidence that is concerning because drug traffickers often use the weapons to protect their drug business and proceeds. The trial judge can consider the increased danger of violence when drug traffickers possess weapons. *See, e.g., United States v. Kennedy*, 63 F.4th 542, 2023 WL 2888359 (6th Cir. Apr 11, 2023) (Interpreting Federal Sentencing Guidelines).

**{¶21}** Elkins next argues that it was improper for the trial court to consider or investigate Elkins' pending domestic case for parental rights. However, it was Elkins who first brought up the fact that he lost all rights to his children. Sent. T. at 5. He can hardly argue that, after mentioning it, the trial judge could not look into his contentions. In any event, such information would fall within the social history aspects of the pre-sentence investigation report.

**{¶22}** We conclude that the trial court did not commit error when it sentenced Elkins. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While Elkins may disagree with the weight given to these factors by the trial judge, Elkins' sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a

sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. Elkins has not shown that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12.

{¶23} Elkins' First and Second Assignments of Error are overruled.

{¶24} The judgment of the Knox County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

King, J., concur