[Cite as *State v. Daniels*, 2024-Ohio-1095.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023CA00065 |
| JEREMY DANIELS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 22CR00320

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 22, 2024

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JENNY WELLS                           TODD W. BARSTOW
Prosecuting Attorney                  261 Johnston Road, Suite 204
BY: KENNETH W. OSWALT                 Columbus, OH 43230
Assistant Prosecutor
20 S. Second Street, 4th Floor
Newark, OH 43055

*Gwin, P.J.*

**{¶1}** Defendant-appellant Jeremy J. Daniels [Daniels] appeals his convictions and sentences after a negotiated guilty plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On July 14, 2022, Daniels was indicted for one count of Unlawful Sexual Conduct with a minor, thirteen years of age or older, but less than sixteen years of age, a felony of the third degree in violation of R.C. 2907.04(A) and two counts of Pandering Obscenity involving a minor, felonies of the second degree in violation of R.C. 2907.321(A)(1).

**{¶3}** On August 10, 2023, Daniels filed a notice of his intention to enter guilty pleas. [Docket Entry No. 84]. On September 8, 2023, Daniels filed a written "Entry of Guilty Plea," and with his attorney, appeared before the trial judge for a change of plea and sentencing. A presentence investigation report was prepared prior to the scheduled court appearance. T., *Change of Plea and Sentencing*, Sept. 8, 2023 at 17.

**{¶4}** After being advised of his constitutional and nonconstitutional rights by the trial judge, Daniels entered pleas of guilty to the charges set forth in the indictment. The prosecutor's recitation of the facts revealed that in January of 2022, the Pataskala Police Department was notified that M.A., a fourteen-year-old child, was involved in a sexual relationship with Daniels, who was then 35 years old. Subsequent investigation revealed that M.A. had sent Daniels nude pictures and videos depicting her engaging in sexual activity via a cell phone. Daniels admitted the nature of the sexual relationship in a recorded conversation with M.A.' s mother. Id. at 14-15.

**{¶5}** Prior to sentencing, the trial judge heard from M.A. who provided a lengthy and detailed rendition of the horrors Daniels inflicted upon her. M.A. told the judge that Daniels pretended to be nineteen years old when the two met in an online chatroom. T., *Change of Plea and Sentencing*, Sept. 8, 2023 at 23-31. The trial judge heard that Daniels contacted M.A. while in jail. Daniels further cut-off his ankle monitor, fled and remained at large from November 2, 2023 until his arrest in Chicago, Il. on May 19, 2023. The trial judge also heard from M.A.'s mother who detailed the ordeals effect on the family. T., *Change of Plea and Sentencing*, Sept. 8, 2023 at 21-23.

**{¶6}** The state recommended a sentence of 8 years. After hearing from all parties, the trial court imposed a sentence of 8 years. Id. at 18. As part of the sentence, the trial court sentenced Daniels to an indefinite prison term on the charges pursuant to Revised Code section 2967.271, for an indeterminate sentence of 8 to 12 years. Id. at 41. The trial court filed its sentencing entry on September 8, 2023.

*Assignment of Error*

**{¶7}** Daniels raises one Assignment of Error,

**{¶8}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HER IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

Law and Analysis

**{¶9}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record

does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

{¶10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶11} The Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." Id. at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio

Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶12}** "'Otherwise contrary to law' means "'in violation of statute or legal regulations at a given time.'" *Jones* at ¶ 34 *quoting* Black's Law Dictionary 328 (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

**Purposes and Principles of Felony Sentencing - R.C. 2929.11**

**{¶13}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence "must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims

and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

### Seriousness and Recidivism - R.C. 2929.12

**{¶14}** R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**Issue for Appellate Review**: *Whether Daniels' sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.*

**{¶15}** In the instant case, the record demonstrates the trial court reviewed Daniels PSI and listened to the statements from the prosecutor, the victim's mother, the victim, defense counsel, and Daniels. In open court and in its sentencing entry, the trial court indicated it considered the seriousness and recidivism factors under R.C. 2929.11,

2929.12 and R.C. 2929.13. The trial court sentenced Daniels to a sentence that is permissible for the felonies that he had pled guilty, and he has not demonstrated that the trial court imposed the sentence "based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Cottrell*, 5th Dist. Muskingum No. CT2022-0061, 2023-Ohio-1391, ¶ 21, citing *Bryant, supra*.

{¶16} Daniels argument that his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources is not well taken. In *State v. Ober*, Second Dist. No. 97CA0019, 1997 WL 624811 (Oct. 10, 1997), the Court considered this same issue. The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors." Id.

{¶17} Several other appellate courts, including our own, considering these issues have reached the same conclusion. *See, e.g., State v. Hyland*, 12th Dist. Butler No. CA2005–05–103, 2006–Ohio–339, ¶ 32; *State v. Brooks*, 10th Dist. Franklin No. 97APA–11–1543, 1998 WL 514111 (Aug. 18, 1998); *State v. Stewart*, 8th Dist. Cuyahoga No. 74691, 1999 WL 126940 (Mar. 4, 1999); *State v. Fox*, 3rd Dist. Wyandot No. 16–2000–17, 2001 WL 218433 (Mar. 6, 2001); *State v. Banks,* 5th Dist. Ashland No. 12-COA-045, 2013-Ohio-2847, ¶27; *State v. Miller*, 5th Dist. Ashland No. 04–COA–003, 2004–Ohio–4636. We agree with the reasoning of the *Ober* court and other courts considering this issue and find no merit to Daniels argument.

**{¶18}** Likewise, Daniels appeal to this Court to adopt Justice Donnelly's dissenting opinion in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 is unconvincing. [Appellant's brief at 3]. Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas or to a court of appeals jurisdiction to reverse or vacate a decision made by a superior court. *See, State ex rel. Cordray v. Marshall,* 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 666, ¶32; *State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343, 345 (1979); R.C. 2305.01. Unless "anarchy [is] to prevail within [our] judicial system, a precedent of [a higher court] must be followed by the lower [] courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).

**{¶19}** Upon review, we find that the trial court's sentencing complies with applicable rules and sentencing statutes. While Daniels may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and not based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12; therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 5th Dist. Knox No. 22CA000021, 2023-Ohio-1358, ¶ 22.

**{¶20}** Daniels sole Assignment of Error is overruled.

{¶21} The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur