[Cite as *State v. Hess*, 2024-Ohio-2842.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.   23-CA-000018 |
| TERRY HESS | : | 23-CA-000019 |
|  | : | 23-CA-000020 |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
Common Pleas, Case Nos. 23CR05-0112,
23CR06-0140 & 23CR07-0175

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     July 23, 2024


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

CHARLES T. MCCONVILLE                 TODD W. BARSTOW
Knox County Prosecutor                    261 W. Johnstown Road, Ste. 204
By: NICOLE E. DEER                          Columbus, OH 43230
117 East High Street, Ste. 234
Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1}   Defendant-Appellant Terry Hess ["Hess"] pled guilty in three separate cases to felony drug charges. The trial judge imposed consecutive sentences. On appeal, Hess argues that his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources. He further contends that the imposition of consecutive sentences is contrary to law. Because we find the record demonstrates that the sentences were not imposed based on impermissible considerations, the trial judge made the necessary findings for imposing consecutive prison sentences, and Hess has not demonstrated that those findings are clearly and convincingly not supported by the record, which included Hess's history of a prior prison term, committing offenses while on bond or awaiting trial, and previous violations of community control sanctions, we affirm the judgment of the Knox County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   On May 8, 2023, in Knox County Court of Common Pleas, Case Number 23CR05-0112[1] Hess was indicted on one count of Aggravated Possession of Drugs, Methamphetamine, in an amount greater than or equal to five times bulk amount but less than fifty times bulk amount (24.46 grams), a second-degree felony.

{¶3}   On June 5, 2023, in Knox County Court of Common Pleas, Case Number 23CR06-0140[2] Hess was indicted on one count of Aggravated Possession of Drugs, Methamphetamine, a felony of the fifth degree, and one count of Aggravated Possession

---

[1] 5th Dist. No. 23CA000018
[2] 5th Dist. No. 23CA000019

of Drugs, Methamphetamine, in an amount equal to bulk amount but less than five times bulk amount (4.8 grams), a felony of the third degree.

{¶4}    On July 31, 2023, in Knox County Court of Common Pleas, Case Number 23CR07-0175[3], Hess was indicted on one count of Driving While Under the Influence of Alcohol or Drugs [OVI], a misdemeanor of the first degree, and one count of Aggravated Possession of Drugs, Methamphetamine, a felony of the fifth degree.

{¶5}    On October 19, 2023, Hess entered guilty pleas to the following:  in Case Number 23CR05-0112 to the amended charge of Aggravated Possession of Drugs, Methamphetamine, a felony of the third degree; in Case Number 23CR06-0140 the state dismissed Count One, in exchange for Hess pleading guilty to Count Two, Aggravated Possession of Drugs, Methamphetamine, in an amount equal to bulk amount but less than five times bulk amount, a felony of the third degree; and, in Case Number 23CR07-0175, Hess pled guilty as charged to OVI and Aggravated Possession of Drugs, Methamphetamine, a felony of the fifth degree. The trial judge deferred sentencing an ordered a pre-sentence investigation report.

{¶6}    On November 17, 2023, the trial judge sentenced Hess in Case Number 23CR05-0112 to a definite term of imprisonment of thirty months consecutive to the sentences in Case Number 23CR06-0140 and Case Number 23CR07-0175. The trial judge sentenced Hess in Case Number 23CR06-0140 to a definite term of imprisonment of thirty months consecutive to the sentences in Case Number 23CR05-0112 and Case Number 23CR07-0175. The trial judge sentenced Hess in Case Number 23CR07-0175 to a definite term of imprisonment of eleven months on Count Two and three days on

---

[3] 5th Dist. No. 23CA000020

Count One. The eleven month and the three-day sentence were ordered to be served concurrently to each other but consecutively to the sentences in Case Number 23CR05-0112 and Case Number 23CR06-0140.

*Assignments of Error*

{¶7}   Hess raises two Assignments of Error:

{¶8}   "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶9}   "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

I.

{¶10}  In his First Assignment of Error, Hess argues that his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources. R.C. 2929.11.

**Purposes and Principles of Felony Sentencing - R.C. 2929.11**

{¶11}  R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public,

or both. R.C. 2929.11(A). Additionally, the sentence "must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

## Seriousness and Recidivism - R.C. 2929.12

{¶12} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

## Standard of Appellate Review

{¶13} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶22; *State v. Howell*, 2015-Ohio-4049, ¶31 (5th Dist.). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that

either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 2014-Ohio-3177, ¶28.

{¶14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

{¶15} The Ohio Supreme Court reviewed the issue of whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12. *State v. Jones*, 2020-Ohio-6729. The *Jones* court found that R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones* at ¶39. Stated another way, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles*, 2021-Ohio-3531, ¶10.

{¶16} Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual

findings on the record." Id. at ¶ 20, *citing State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶17}   "'Otherwise contrary to law' means 'in violation of statute or legal regulations at a given time.'" *Jones* at ¶ 34 quoting Black's Law Dictionary (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable. *State v. Bryant*, 2022-Ohio-1878, ¶22.

**Issue for Appellate Review:** *Whether Hess's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.*

{¶18}   In the instant case, the trial court reviewed Hess's PSI and listened to the statements from the prosecutor and defense counsel, and Hess. In open court and in its sentencing entry, the trial court indicated it considered the seriousness and recidivism factors under R.C. 2929.11 and R.C. 2929.12.

{¶19}   Hess's argument that his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources is not well taken. In *State v. Ober*, 1997 WL 624811 (2nd Dist. Oct. 10, 1997), the Court considered this same issue. The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors." Id.

{¶20}   Several other appellate courts, including our own, considering these issues have reached the same conclusion. See, e.g., *State v. Rappuhn,* 2024-Ohio-1200 (5th

Dist.); *State v. Hyland*, 2006–Ohio–339, ¶ 32 (12th Dist.); *State v. Brooks*, 1998 WL 514111 (10th Dist. Aug. 18, 1998); *State v. Stewart*, 1999 WL 126940 ( 8th Dist. Mar. 4, 1999); *State v. Fox,* 2001 WL 218433 (3rd Dist. Mar. 6, 2001); *State v. Banks*, 2013-Ohio-2847, ¶27 (5th Dist.); *State v. Miller*, 2004-Ohio-4636 (5th Dist.). We agree with the reasoning of the *Ober* court and other courts considering this issue and find no merit to Hess's argument.

{¶21} Likewise, Hess's appeal to this Court to adopt Justice Donnelly's dissenting opinion in *State v. Jones*, 2020-Ohio-6729 is unconvincing. *See also, Rappuhn,* 2024-Ohio-1200 at ¶18 (5th Dist.) Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas or to a court of appeals jurisdiction to reverse or vacate a decision made by a superior court. *See, State ex rel. Cordray v. Marshall*, 2009-Ohio-4986, ¶32; *State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, (1979); R.C. 2305.01. Unless "anarchy [is] to prevail within [our] judicial system, a precedent of [a higher court] must be followed by the lower [] courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375(1982).

{¶22} Upon review, we find that the trial court's sentencing complies with applicable rules and sentencing statutes. While Hess may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and not based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 2023-Ohio-1358, ¶ 22 (5th Dist.).

{¶23} Hess's First Assignment of Error is overruled.

II.

{¶24} In his Second Assignment of Error, Hess contends that the trial judge's imposition of consecutive sentences is contrary to law.

**Standard of Appellate Review**

{¶25} Under Ohio's statutory sentencing scheme, there is a presumption that a defendant's multiple prison sentences will be served concurrently, R.C. 2929.41(A), unless certain circumstances not applicable in this case apply, see, e.g., R.C. 2929.14(C)(1) through (3), or the trial court makes findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4), which provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶26}** R.C. 2953.08(G)(2) provides an appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 2014-Ohio-3177, ¶ 28; *State v. Jones*, 2024-Ohio-1083, ¶ 13.

**{¶27}** Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, *quoting State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4); *Jones*, at ¶12.

{¶28} "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), *quoting Bonnell* at ¶ 37; *Jones*, 2024-Ohio-1083, ¶14.

**Issue for Appellate Review**: *Whether the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)*

{¶29} In the case at bar, the trial judge specifically stated that consecutive sentences were not disproportionate to the seriousness of Hess's conduct and the danger he poses to the public. Sent. T. Nov. 16, 2023 at 12. The trial judge further found that Hess committed one or more of the offenses while he was awaiting trial or sentencing and that his history of criminal conduct demonstrates that consecutive sentences were necessary to protect the public from future crime. Id.

**Issue for Appellate Review**: *Whether the trial court's decision to impose consecutive sentences in Hess's case is supported by the record*

{¶30} At sentencing, the judge heard from Hess and his counsel, as well as the assistant prosecuting attorney. The trial judge further considered the pre-sentence investigation report. Sent. T. at 6.

{¶31} Hess's past includes a conviction and prison sentence for aggravated robbery in 1981. Id. at 6. Hess was denied admission to the community-based correction facility for medical reasons and the number of prescriptions that Hess is required to take

to treat his medical conditions, which include a gunshot wound to the stomach and cellulitis. Id. at 10-11; *Bond Hearing / Arraignment,* May 9, 2023 at 28- 31. Hess was further involved in a fatal traffic accident while on bond in the present case. *Bond Hearing/ Arraignment at* 19-20; 29; 36-38.

**{¶32}** The record supports the finding by the trial judge that "consecutive service is necessary to protect the public from future crime * * * and that consecutive sentences are not disproportionate to the seriousness of [Hess's] conduct and to the danger [he] poses to the public," R.C. 2929.14(C)(4). Moreover, the trial judge's statements about Hess's criminal history and commission of crimes while on bond or awaiting sentencing in these cases is supported by the record and supports the trial judge's finding that Hess's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him]," R.C. 2929.14(C)(4)(c).

**{¶33}** We cannot clearly and convincingly conclude that the record does not support the trial judge's R.C. 2929.14(C)(4) findings. Upon review, we find that the trial judge's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Further, the record contains evidence supporting the trial judge's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

**{¶34}** Hess's Second Assignment of Error is overruled.

{¶35}  The judgment of the Knox County Court of Common Pleas is affirmed.


By Gwin, P.J,

Wise, J., and

King, J., concur