[Cite as *State v. Cottrell*, 2024-Ohio-6101.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. CT2024-0089 |
| | : | |
| CHIRON COTTRELL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Muskingum County
                               Court of Common Pleas, Case No.
                               CR2021-0431


JUDGMENT:                      AFFIRMED



DATE OF JUDGMENT ENTRY:        December 30, 2024



APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:

JOSEPH A. PALMER                           CHIRON COTTRELL, PRO SE
27 North Fifth St.                         Inmate No. 799607
Zanesville, OH 43702                       15708 McConnelsville Road
                                           Caldwell, OH 43724-8902

*Delaney, P.J.*

{¶1} Appellant Chiron Cottrell appeals from the "Entry Denying Cottrell's Post-Conviction Petition" of the Muskingum County Court of Common Pleas dated July 8, 2024.  Appellee is the state of Ohio.

{¶2} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases. The rule provides in pertinent part the following:

> (E) Determination and judgment on appeal
>
> The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶3} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. See, *Crawford v. Eastland Shopping Mall Association*, 11 Ohio App.3d 158 (10th Dist.1983).

{¶4}  This appeal shall be considered in accordance with the aforementioned rules.

**FACTS AND PROCEDURAL HISTORY**

{¶5}  The following facts are adduced from our opinion at *State v. Cottrell*, 2023-Ohio-1391, ¶ 2 (5th Dist.), appeal not allowed*, 2024-Ohio-1228 [*Cottrell I*].

{¶6} On August 19, 2021, the Muskingum County Grand Jury filed a twenty-count indictment against appellant alleging his involvement in a sophisticated drug

trafficking network using the U.S. Mail for the interstate sale of drugs. On March 21, 2022, appellant pled guilty to one count of engaging in a pattern of corrupt activity (F1) in violation of R.C. 2923.32 and one count of trafficking in drugs (Methamphetamine) (F2) in violation of R.C. 2925.03. Both counts included forfeiture specifications. By entry filed June 6, 2022, the trial court sentenced appellant to ten years on the F1 count and two years mandatory on the F2 count, to be served concurrently.

{¶7} Appellant filed a direct appeal from his conviction and sentence, arguing his sentence was in contravention of R.C. 2929.11 and 2929.12. *Id.*, ¶ 5. We noted appellant's sentences are within the statutory ranges for felonies of the first and second degree. *Id.*, ¶ 9, citing R.C. 2929.14(A)(1) and (2). In fact, the trial court sentenced appellant to the minimum on the F2. *Id.*

{¶8} Appellant argued his poor health and desire to turn his life around were mitigating factors to consider and he should have been sentenced to the minimum. *Id.*, ¶ 10. He argued the proportionality of his sentence was inconsistent with the principles set forth in R.C. 2929.11. *Id.* Appellant further argued the trial court impermissibly considered prior arrests of unproven charges thereby violating his due process rights. *Id.*, ¶ 16. We noted "[c]ourts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing." *Cottrell I, supra,* at ¶ 16, citing *Mt. Vernon v. Hayes,* 2009-Ohio-6819, ¶ 54 (5th Dist.); additional citation omitted.

{¶9} Appellant further argued his sentence was not proportional and "shocks the sense of community," citing the Eighth Amendment to the United States Constitution

prohibiting cruel and unusual punishment. *Cottrell I,* supra, at ¶ 17, but we noted the sentence is well within the statutory range and "[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *Id.,* citing *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69 (1964). Further, appellant's medical condition is not a factor in the consideration of cruel and unusual punishment. *Id.,* citing *State v. O'Shannon,* 44 Ohio App.3d 197, 200-201 (10th Dist.1988). Appellant's sentence was therefore neither excessive nor shocking. *Id.*

{¶10} Finally, we noted:

> The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Cottrell himself. The trial court reviewed Cottrell's criminal history which included prior convictions from 2013, 2007, and 2002. June 2, 2022 T. at 9. The trial court noted the present case had "a whole bunch of counts dismissed and a bunch of drugs involved." *Id.* Cottrell was facing twenty counts and many possible years in prison before he chose to plead guilty to two counts. The trial court also noted Cottrell's poor health. *Id.*

{¶11} We concluded appellant's term was within the statutory range and not clearly and convincingly contrary to law. *Cottrell I*, 2023-Ohio-1391, ¶ 19-21 (5th Dist.), appeal not allowed, 2024-Ohio-1228.

{¶12} Appellant filed his first petition for post-conviction relief on January 3, 2024 and the trial court overruled the petition on March 1, 2024. Appellant appealed from that

decision in Fifth District Court of Appeals, Muskingum County case number CT2024-0431 but the appeal was dismissed for want of prosecution.

{¶13} Appellant filed a second petition for post-conviction relief on July 8, 2024. In that petition, appellant made a number of summary allegations of, e.g., ineffective assistance of appellate counsel and defense trial counsel. His allegations against defense trial counsel included "use of racial epithet[s], intimidation, manipulation, and coercion," failure to raise a speedy-trial argument, and failure to argue that appellee breached the plea agreement.

{¶14} The trial court summarily overruled appellant's second petition for post-conviction relief on July 8, 2024, and appellant now appeals from that decision.

{¶15} Appellant raises eighteen assignments of error, *sic* throughout:

## ASSIGNMENTS OF ERROR

{¶16} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S PETITION AFTER IT IGNORED CREDIBLE EVIDENCE IN SUPPORT OF THE CLAIMS AND FAILED TO INDIVIDUALLY APPRAISE EACH OF APPELLANTS CLAIMS FOR RELIEF."

{¶17} "II. THE TRIAL COURT FAILED TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW COMPLIANT WITH R.C. 2953.21(D)."

{¶18} "III. STATE AUTHORITIES DEPRIVED APPELLANT OF THE SPEEDY TRIAL RIGHT AS GUARANTEED BY OHIO REVISED CODE R.C. 2945.71 ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶19} "IV. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

{¶20} "V. COUNSEL AND STATE AUTHORITIES KNOWINGLY, WILLFULLY, AND INTENTIONALLY USED THREAT, INTIMIDATION, AND MANIPULATION TO SIGN WAIVER AND PLEA AGREEMENT."

{¶21} "VI. STATE AUTHORITIES BREACHED THE PLEA AGREEMENT BETWEEN APPELLANT AND THE STATE."

{¶22} "VII. THE STATE BREACHED THE AGREEMENT BETWEEN APPELLANT AND THE STATE AND SENTENCED APPELLANT TO EIGHT YEARS ABOVE THE AGREEMENT."

{¶23} "VIII. APPELLANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF CONFLICT-FREE COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT."

{¶24} "IX. APPELLANT WAS DEPRIVED OF A FAIR JUDICIAL PROCESS WHEN THE PROSECUTOR COMMITTED MISCONDUCT, CONSPIRED AND COLLUDED, DEPRIVE APPELLANTS RIGHTS, AND FALSIFIED EVIDENCE."

{¶25} "X. APPELLANT WAS DEPRIVED A FAIR JUDICIAL PROCESS WHEN COUNSEL AND STATE AUTHORITIES CONSPIRED AND COLLUDED AND DEPRIVE APPELLANT'S RIGHTS."

{¶26} "XI. STATE AUTHORITIES DEPRIVED APPELLANT CONSTITUTIONAL AND SUBSTANTIVE PROCEDURAL RIGHTS."

{¶27} "XII. STATE AUTHORITIES WITHHELD FAVORABLE EVIDENCE AND DEPRIVED APPELLANT'S DUE PROCESS RIGHT."

{¶28} "XIII. STATE AUTHORITIES WITHHELD FAVORABLE EVIDENCE, OBSTRUCTED JUSTICE AND DEPRIVED APPELLANTS DUE PROCESS RIGHT."

{¶29} "XIV. STATE AUTHORITIES WITHHELD FAVORABLE EVIDENCE THUS MISCARRIED JUSTICE AND DEPRIVED APPELLANTS DUE PROCESS RIGHT."

{¶30} "XV. STATE AUTHORITIES DEPRIVED APPELLANT DUE PROCESS AND WRONGFULLY CONVICTED APPELLANT."

{¶31} "XVI. STATE AUTHORITIES DEPRIVED APPELLANT DUE PROCESS AND WRONGFULLY IMPRISONED APPELLANT."

{¶32} "XVII. STATE AUTHORITIES DEPRIVED APPELLANT DUE PROCESS THUS COMMITTED PLAIN AND CLEAR ERROR."

{¶33} "XVIII. STATE AUTHORITIES DEPRIVED APPELLANT DUE PROCESS THUS COMMITTED REVERSIBLE ERROR AND STRUCTURAL ERROR."

**ANALYSIS**

{¶34} Appellant's eighteen assignments of error are related and will be discussed together.

{¶35} As noted supra this is appellant's second petition for post-conviction relief. Whether a trial court has jurisdiction to entertain a successive petition for post-conviction relief is addressed in R.C. 2953.23(A)(1):

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed

in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) **Both of the following apply**:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, **but for constitutional error at trial,** no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. (Emphasis added).[1]

{¶36} As the trial court noted in overruling both of appellant's petitions for post-conviction relief, his convictions arose from guilty pleas. Regarding his successive

---

[1] R.C. 2953.23(A)(2) does not apply because this case does not involve DNA evidence.

petition for PCR, the trial court was without jurisdiction to consider appellant's petition pursuant to R.C. 2953.23(A)(1)(b).

{¶37} Moreover, a review of appellant's summary arguments on appeal supports the trial court's determination that appellant does not point the court to new facts or a new federal or state right upon which to allow appellant to succeed on a successive petition for post-conviction relief. *State v. Johnson*, 2016-Ohio-1213, ¶ 24 (5th Dist.). Upon our review of appellant's arguments and the trial court's decision, we find the trial court did not abuse its discretion in summarily overruling appellant's successive petition for post-conviction relief.

{¶38} Appellant's eighteen assignments of error are overruled.

### CONCLUSION

{¶39} Appellant's arguments are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.